**STUCKART LUMBER COMPANY,**
**Plaintiff,**

v.

**EMPLOYEE BENEFITS INSURANCE COMPANY, INC., Defendant.**

**Civ. No. 81–6163FR.**

United States District Court,
D. Oregon.

May 3, 1982.

witnesses, the court's ability to exercise its jurisdiction over the parties, and the public interest in the litigation.

Thomas E. Cooney, Cooney & Van Hoomissen, Portland, Or., for plaintiff.

Fredric A. Yerke, Bruce A. Rubin, Miller, Nash, Yerke, Wiener & Hager, Portland, Or., for defendant.

## ORDER

FRYE, District Judge:

Defendant has moved for reconsideration of the court's order of March 8, 1982 which denied the motion of Employee Benefits Insurance Company, Inc. (EBI) to dismiss Count I of plaintiff Stuckart Lumber Company's (Stuckart) fraud claim (upon reconsideration), and denied EBI's motion for summary judgment on its counterclaim.

The court has reconsidered its prior order and reverses for the following reasons:

### A. Motion to Dismiss

■ The court should dismiss for failure to state a claim only when it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ A fraud claim requires proof of a misrepresentation of material fact, made with knowledge of its falsity and with the intent that it will be relied upon, the hearer's ignorance of its falsity, reliance on its truth, right to rely on its truth, and damages suffered as a result. *Equitable Life and Casualty Ins. Co. v. Lee,* 310 F.2d 262, 267 (9th Cir.1962). Under the Federal Rules of Civil Procedure, the circumstances constituting fraud must be stated with particularity. Fed.R.Civ.P. 9(b).

■ In Oregon the misrepresentation of a material fact may be a promise made with the intent not to perform. *Burgdorfer v. Thielemann,* 153 Or. 354, 55 P.2d 1122 (1936). Here, the particular circumstances constituting fraud, as alleged in the complaint, are that the defendant promised to return insurance premiums paid in excess of an agreed formula, with the intent not to perform. (Second Amended Complaint ¶¶ IV, XIV). This court has held that this promise is illegal and unenforceable. Therefore, the question presented here is whether the "right to rely" element of a fraud claim can be met where the misrepresentation forming the basis of the fraud claim is a promise that is unenforceable because it is illegal.

■ The right to rely exists when the promise forming the basis of the fraud

claim is unenforceable because of the Statute of Frauds. *See Id.* at 361, 55 P.2d 1122. But when the promise is unenforceable on the ground of illegality, the situation is different. The major difference between a breach of contract claim and a promissory fraud claim is that promissory fraud requires proof of an additional element—that the promise was made with the intent not to perform. Courts refuse to aid one who complains that an illegal promise has not been performed. *Hendrix v. McKee,* 281 Or. 123, 128, 575 P.2d 134 (1978). This rule is not founded on any desire to protect the one who is asserting the defense, but rather on public policy grounds. It encourages compliance with the law.[1] There is no greater reason for courts to aid one who complains that an illegal promise *made with the intent not to perform* has not been performed. I conclude that there is no right to rely on an illegal promise.

### B. Motion for Summary Judgment

EBI moved for summary judgment on its counterclaim for premiums due under the insurance contract and attached affidavits and documents showing the amount due. Stuckart defends against enforcement of the contract on the ground that it was induced to enter into the contract by EBI's fraudulent promise that dividends would be paid according to a certain formula.

 The right to rely is an essential element of a fraud defense to enforcement of a contract, just as it is an essential element of a fraud claim. As stated above, the right to rely is absent when the misrepresentation forming the basis of the fraud is an illegal promise. In this case, the basis of the fraud defense is an agreement which this court has held to be illegal. Therefore, the fraud defense is inadequate.

Under Fed.R.Civ.P. 56(e), when a motion for summary judgment is made and supported by affidavits, the party opposing the motion may not rest on its pleadings, but must submit affidavits showing that there is a genuine issue for trial. In response to EBI's motion for summary judgment, the only issue of fact asserted by Stuckart is whether the parties entered into the alleged illegal agreement. That issue is not material because the illegal agreement would not constitute a defense to the contract.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. EBI's motion to dismiss Count I of the fraud claim is granted; and

2. EBI's motion for summary judgment on its counterclaim is granted.

---

1. "To refuse to grant either party to an illegal contract judicial aid for the enforcement of his alleged rights under it tends strongly towards reducing the number of such transactions to a minimum. The more plainly parties understand that when they enter into contracts of this nature they place themselves outside the protection of the law, so far as that protection consists of aiding them to enforce such contracts, the less inclined will they be to enter into them. In that way the public secures the benefit of a rigid adherence to the law." *Hendrix v. McKee,* 281 Or. at 129–30 n. 7, 575 P.2d 134, *quoting McMullen v. Hoffman,* 174 U.S. 639, 669–70, 19 S.Ct. 839, 850–51, 43 L.Ed. 1117 (1899).